Dear Mr. Pederson:
This office is in receipt of your opinion request regarding polygraph examinations. Specifically, you ask whether the examiner violated LSA-R.S. 37:2848(a) and/or (b) under the following facts.
You state that the Polygraph Board ("Board") received a complaint filed by Ms. Ernestine Jackson which contends that when she appeared for a polygraph examination mandated by her then employer, the Department of Health and Hospitals, she was not informed of the nature or consequences of the exam by the examiner, Mr. Don. A. Zuelke, pursuant to LSA-R.S. 37:2848(a) and (b). LSA-R.S. 37:2848, in applicable part, provides:
 The board may refuse to issue, or may suspend or revoke a certificate on any one or more of the following grounds:
 (a) Failure to inform the person to be examined as to the nature of the examination.
 (b) Failure to inform the person to be examined that his participation in the examination is voluntary, and that the refusal to submit to a polygraph shall not be an inference of guilt, nor shall it be cause or justification for termination of employment within the meaning of any law relating to unemployment compensation.
Ms. Jackson and Mr. Zuelke give conflicting statements on what transpired at the examination. It is not for this office to make factual determinations. However, the Personnel Screening Interview form which Ms. Jackson signed in refusing to submit does state that Ms. Jackson was advised of the consequences of this refusal. Moreover, by memorandum dated November 30, 1995, Ms. Jackson was informed by her employer concerning the nature of the examination.
It is our opinion that Ms. Jackson was properly notified of the nature of the polygraph examination and the consequences for refusing to take this exam.
However, we must stress to the Board that the language of LSA-R.S. 37:2848 is not mandatory. Should the Board find that there were violations of the applicable provisions, the "board may refuse to issue, or may suspend or revoke a certificate . . ." (Emphasis added.). The word "may" is permissive. LSA-R.S. 1:3. As a result, if the Board did find Mr. Zuelke in violation of these provisions, it is still not required to suspend or revoke his certificate.
The Board reviewed the facts and circumstances at its preliminary hearing on August 17, 1996, and found that Mr. Zuelke did not violate the pertinent provisions. It is the opinion of this office that the Board did not deviate from proper review pursuant to the applicable laws.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ Carlos M. Finalet, III Assistant Attorney General